IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY FRANK CAMERON, AIS #105591, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-88-WHA |
| | ) | [WO] |
| | ) | |
| DONAL CAMPBELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy Frank Cameron ["Cameron"], a state inmate. In this complaint, Cameron asserts that the defendants denied him adequate medical treatment for chest pain and a pinched nerve in his back during his confinement at the Ventress Correctional Facility ["Ventress"]. The defendants remaining in this cause of action are Donal Campbell, former commissioner of the Alabama Department of Corrections, J. C. Giles, the warden of Ventress, Samuel Rayapati, a physician employed at Ventress, and Anthonette Marsh, Gloria Johnson and Victoria Young, nurses at such facility. Cameron seeks monetary damages and his transfer from Ventress. *Plaintiff's Complaint - Court Doc. No. 1* at 4.[1]

The defendants filed special reports, answers and supporting evidentiary materials

---

[1]The documents filed by Cameron indicate that he is no longer incarcerated at Ventress.

addressing Cameron's claim for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment.  *Order of April 6, 2006 - Court Doc. No. 22*.  Thus, this case is now pending on the defendants' motions for summary judgment.  Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation to rule omitted).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing

2

that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to her case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, --- U.S. ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motion for summary judgment, Cameron is

required to produce "sufficient [favorable] evidence" which would be admissible at trial

supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely

colorable ... or is not significantly probative ... summary judgment may be granted."

*Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing

party's position will not suffice; there must be enough of a showing that the [trier of fact]

could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct.

2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th

Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to

create a genuine issue of material fact and, therefore, do not provide sufficient evidence

to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates,*

*Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th

Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting

evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d

912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces

nothing beyond "[her] own conclusory allegations" challenging a defendant's actions);

*Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own

conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when

a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to

establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248.  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party

5

moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, --- U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Cameron fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Cameron complains the defendants acted with deliberate indifference to serious medical needs by failing to provide him proper treatment for chest pain and a pinched nerve in his back which causes him pain. Specifically, Cameron argues that the defendants have provided only "cosmetic treatment" for his pinched nerve when they should have prescribed "decompression therapy" for this condition. *Plaintiff's Affidavit in Support of April 18, 2006 Response - Court Doc. No. 26-2 at 1.* The defendants deny they acted with

deliberate indifference to Cameron's medical conditions and, instead, maintain they provided Cameron with appropriate treatment for his conditions.

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing the treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, correctional officials and prison medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). When seeking relief based on deliberate indifference of responsible officials, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S.

825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4ᵗʰ Cir. 1998) (defendant must

have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore

known risk to serious condition to warrant finding of deliberate indifference).

Furthermore, "an official's failure to alleviate a significant risk that he should have

perceived but did not, while no cause for commendation, cannot under our cases be

condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate
> indifference, ... the Supreme Court has ... emphasized that not 'every claim
> by a prisoner that he has not received adequate medical treatment states a
> violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at
> 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth
> amendment only when it is 'so grossly incompetent, inadequate, or excessive
> as to shock the conscience or to be intolerable to fundamental fairness.'
> *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence
> or malpractice do not rise to the level of constitutional violations. *See
> Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not
> become a constitutional violation merely because the victim is a prisoner.');
> *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not
> sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033
> (mere medical malpractice does not constitute deliberate indifference). Nor
> does a simple difference in medical opinion between the prison's medical
> staff and the inmate as to the latter's diagnosis or course of treatment support
> a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033
> (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4ᵗʰ Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11ᵗʰ Cir. 1991). Moreover, "whether government

actors should have employed additional diagnostic techniques or forms of treatment 'is a

classic example of a matter for medical judgment' and therefore not an appropriate basis

for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact that prison inmate desires a different mode of medical treatment does not amount to deliberate indifference violative of the Constitution); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2001).  Thus, for Cameron to survive summary judgment on his deliberate indifference claim, he is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

   1. **The Correctional Defendants**.  It is clear from the pleadings filed in this case that defendants Campbell and Giles are not health care professionals and serve as

defendants in this cause of action solely due to their former and current supervisory positions held with the Alabama Department of Corrections.  "There is 'no *respondeat superior* liability for a § 1983 claim.'  *Marsh [v. Butler County, Alabama*, 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc*)].  Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006).

Cameron has presented no evidence sufficient to create a genuine issue of disputed fact with respect to the claim that defendants Campbell and Giles acted with deliberate indifference to his medical needs.  There is nothing before the court which indicates that these defendants  personally participated in or had any direct involvement with the medical treatment provided to Cameron.   Additionally, the undisputed evidentiary materials demonstrate that medical personnel made all decisions relative to the course of treatment provided to Cameron and further establish that such treatment did not result from a policy instituted by the correctional defendants.  The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against

managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

The record is completely devoid of evidence that defendants Campbell and Giles had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Cameron, that these defendants actually drew this inference and thereafter ignored the risk. Cameron has therefore failed to establish the requisite element of subjective awareness on the part of defendants Campbell and Giles. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of the correctional defendants.

   **2.** **The Medical Defendants**. No extended discussion of the facts is necessary. The medical records filed herein demonstrate that during Cameron's confinement at Ventress medical personnel, including those individuals named as defendants, provided treatment to Cameron for his chest pain and pinched nerve in accordance with their assessment of his conditions. *Medical Defendants' Exhibit A to the March 30, 2006 Special Report (Inmate Medical Records of Jimmy Frank Cameron) - Court Doc. No. 18-2 thru Court Doc. No. 18-5*. The undisputed evidentiary materials before the court further demonstrate that the prison medical staff routinely examined Cameron, thoroughly evaluated his complaints, ordered necessary tests, provided treatment in accordance with their professional judgment and referred Cameron to free-world physicians for additional evaluation/treatment of his complaints. *Id.*; *Medical Defendants' Exhibit B (Affidavit of*

11

*Dr. Samuel Rayapati) - Court Doc. No. 18-6* at 2-3. With respect to Cameron's claim he should have been afforded decompression therapy for his back pain, the medical defendants maintain such treatment was not necessary. *Defendants' Exhibit B (Affidavit of Dr. Samuel Rayapati) - Court Doc. No. 18-6* at 3. The evidentiary materials likewise establish that medical personnel prescribed Cameron various pain medications and routinely provided Cameron several different special needs profiles in an effort to make him more comfortable. *Id.*

The affidavit filed by defendant Rayapati delineates the treatment provided to Cameron as follows:

> Mr. Cameron has a history that is significant for chronic back, shoulder and lung pain secondary to injuries sustained in a motor vehicle accident in 1982. Mr. Cameron was transferred to Ventress Correctional Facility on November 7, 2005. He immediately complained of chest and lung pain, and was admitted to the infirmary for observation. During observation, Mr. Cameron was found to be in stable condition and exhibited no signs of acute distress. However, pursuant to continued complaints of chest and lung pain he was transferred to Bullock County Hospital for specialty evaluation on November 9th.
>
> Mr. Cameron received extensive evaluation for his complaints of chest and lung pain at Bullock [County Hospital]. Specifically, Mr. Cameron was afforded a Complete Blood Count (CBC) and an electrocardiogram (EKG). He also received chest x-rays and CT scans of his abdomen and pelvis. Mr. Cameron's blood work returned normal. Mr. Cameron's EKG was normal for any acute cardiac event noting only that he had suffered probable old anteroseptal infarction at an unknown time in the past. Mr. Cameron's chest x-ray noted that his lungs were clear with calcified granulomata noted only as a chronic condition. There were no acute findings. Mr. Cameron's abdominal CT scan was unremarkable with the exception of some localized plural thickening bilaterally. His pelvic CT scan was unremarkable as well. Mr. Cameron was discharged from Bullock County [Hospital and returned to Ventress] on November 11, 2005. After

12

Mr. Cameron returned to Ventress he was maintained in the Infirmary for observation.

On November 21, 2005 Mr. Cameron was transferred to Baptist South Hospital for evaluation and assessment for complaints of thoracic spine and abdominal pain. He was afforded a second series of abdominal and pelvic x-rays both of which were normal. On January 5, 2006, x-ray films of the dorsal spine showed compression fractures in the lower dorsal spine including T7, T8 and T11 and L1. Follow up films were recommended. On January 10, 2006, Radiologist Howard P. Schiele, M.D. reviewed Cameron's thoracic films and noted that the films showed a slight compression fracture at T6 with chronic compression fractures at T7, T8 and T11 which were of an undetermined age. The films showed degenerative disease and moderate osteopenia.

Mr. Cameron's specialty evaluation has shown conclusively that he suffers from Osteoporosis secondary to old chronic compound fractures. Surgical intervention is not indicated for treatment of this condition. In order to treat intermittent pain associated with Mr. Cameron's chronic condition, I have prescribed Percogesic, Tylenol and Aspirin. I have also afforded him Bengay (an analgesic rub). I have counseled Mr. Cameron on the positive effects of exercise and have recommended application of moist heat for pain relief. In order to make Mr. Cameron's time in prison more comfortable, I have afforded him multiple specialty profiles including a "no standing profile," "a bottom bunk profile," and "a lay in profile." Moreover, pursuant to Mr. Cameron's requests I have afforded him double food portions.

... [A]ll of [Cameron's] medical conditions and complaints have been evaluated in a timely fashion ... and ... his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other [medical] personnel at Ventress. At no time has he been denied any needed medical treatment....

*Defendants' Exhibit B (Affidavit of Dr. Samuel Rayapati) - Court Doc. No. 18-6 at 2-4.*

Under the circumstances of this case, it is clear that the course of treatment undertaken by the medical defendants was neither grossly incompetent nor inadequate. Although Cameron asserts he should have received decompression therapy for treatment of his back pain, this assertion, without more, fails to establish deliberate indifference.

*Hamm*, 774 F.2d at 1575; *Garvin*, 236 F.3d at 898; *Franklin*, 662 F.2d at 1344.  It is undisputed that Cameron received significant medical treatment as dictated by his overall physical condition.  His mere desire for a different mode of medical treatment does not amount to deliberate indifference.  *Harris*, 941 F.2d at 1505.  Cameron has failed to present any evidence which indicates the medical defendants knew that the manner in which they treated his condition created a substantial risk to his health and that with this knowledge consciously disregarded such risk.  The record is devoid of evidence, significantly probative or otherwise, showing that defendants Rayapati, Marsh, Johnson and Young acted with deliberate indifference to Cameron's medical needs.  Summary judgment is therefore due to be granted in favor of the medical defendants.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 7, 2008 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

14

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE